HOOPER, Chief Justice
(dissenting).
John Wayne Tucker might be liable for civil damages, but he has no criminal liability under Ala.Code 1975, § 13A-8-10. That statute provides:
“(a) A person commits the crime of theft of services if:
“(1) He intentionally obtains services known by him to be available only for compensation by deception, threat, false token or other means to avoid payment for the services; or
“(2) Having control over the disposition of services of others to which he is not entitled, he knowingly diverts those services to his own benefit or to the benefit of another not entitled thereto.”
Tucker and Edwin Parks were officers of a corporation, Southern Auto Brokers, Inc. Parks delivered an automobile to Brad Beck, an automobile repairman, and requested that he begin doing body work on the car. Beck quoted Parks a price of $2,000 for the work. Parks paid $200 for Beck to begin work. Parks made a second payment of $300. Parks and Tucker had a disagreement, and Parks left the business. Parks telephoned Beck and told Beck that he would have to deal with Tucker in the future with regard to the car. Beck stopped work on the car.
Tucker contends that he went to Beck’s place to get the car and that after the car was loaded onto a trailer Beck demanded $700 for the work performed. Tucker contends that he did not owe Beck an additional $700 because, he says, Beck had not completed the work on the car. Beck claims that Tucker had telephoned him and told him that he wanted him to complete the work on the ear. Beck contends that he told Tucker that he would need additional money to do any further work on the ear. However, Beck did no additional work on the car. Tucker came to Beck’s shop and took the car. Beck contends that he asked Tucker if he was going to pay with cash or by check and that Tucker answered that he would pay with a check. Beck helped Tucker load the ear onto the trailer. Beck contends that Tucker then informed him that he would have to “get with Parks about the money end of the deal.”
There was no work done after Tucker began to deal with Beck. Tucker did not obtain any service by “deception, threat, false token or other means to avoid payment.” The evidence indicates no criminal intent on the part of Tucker to steal from Beck. Section 13A-8-10 requires, for an act to be a criminal act, that it be “intentionally” or “knowingly” done. “Generally, all criminal statutes must contain the element of scien-ter.” McCrary v. State, 429 So.2d 1121, 1124 (Ala.Cr.App.1982). Considering the disputes and miscommunications between all the persons involved in this ease, I find it difficult to see how anyone could reasonably find that Tucker “knowingly” or “intentionally” obtained any services by theft. The services done in regard to the car were services obtained by Parks, not by Tucker.
Beck, who initiated this criminal proceeding, is trying to use the criminal code to *232 collect a debt. The issues raised in this ease would more properly be raised in a civil case, those issues being based on the disputed terms of a contractual agreement. This case has no place in the criminal law.
I dissent from the order quashing the writ of certiorari. I would reverse the judgment of the Court of Criminal Appeals affirming the conviction.
SHORES, J., concurs.